UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DANIELLE RUTIGLIANO,

                              Petitioner,

                                                      9:19-CV-0745
v.                                                    (GLS/ML)

A. LAMANNA, Superintendent,

                              Respondent.

_____

APPEARANCES:                              OF COUNSEL:

DANIELLE RUTIGLIANO
    Petitioner, *Pro Se*
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, New York 10507
(last known address)

LETITIA A. JAMES                          MICHELLE MAEROV, ESQ.
New York State Attorney General           Assistant Attorney General
    Counsel for Respondent
28 Liberty Street
New York, New York 10005

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT-RECOMMENDATION

On June 20, 2019, Danielle Rutigliano ("Petitioner") filed this *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in New York

State Supreme Court of Saratoga County, based on her plea of guilty to second degree criminal

possession of a controlled substance in 2016. (Dkt. No. 1 at 1-2, Petition ["Pet."]); *see also*

*People v. Rutigliano*, 159 A.D.3d 1280, 1280 (N.Y. App. Div. 3d Dep't 2018). Petitioner was released from prison on December 1, 2021.[1]

In her Petition, Petitioner argues that her conviction should be reversed because (1) her plea was not entered knowingly and voluntarily (Dkt. No. 1 at 4-5) and (2) her trial counsel was ineffective (*id*. at 5-6). For the reasons set forth below, I recommend that the Petition be denied and dismissed.

## I.    BACKGROUND

Petitioner sold cocaine to a police informant in Saratoga County on two occasions in October and December 2014 but was not arrested at that time. (Dkt. No. 15 at 117, 122, 126, 131, 133, 117.)

On March 5, 2015, a New York State Police Officer stopped Petitioner on interstate-87 in Saratoga County for tinted windows in violation of N.Y. Veh. & Traf. Law § 375. (*Id*. at 107-08, 113-14.) Petitioner was arrested for aggravated unlicensed operation of a vehicle in the third degree in violation of N.Y. Veh. & Traf. Law § 511. (*Id*.) After Petitioner was arrested, her car was searched, pursuant to which, officers located three grams of marijuana in her front seat and over twenty-two ounces of cocaine in the trunk. (*Id*. at 100-04, 110, 168-69.)

---

[1]    The Court notes that public records indicate that Petitioner was released from incarceration on December 1, 2021. *See* DOCCS Inmate Lookup, http://nysdoccslookup.doccs.ny.gov (last visited July 15, 2022). The post-release supervision maximum expiration date is December 1, 2026. *Id*.

## II.     PROCEDURAL HISTORY

### A.     New York State Proceedings

#### 1.     Indictment

On June 22, 2015, Petitioner was indicted in Saratoga County Court[2] and charged with the following six crimes: (1) one count of criminal possession of a controlled substance in the first degree (in violation of N.Y. Penal Law § 220.21(1)), (2) three counts of criminal possession of a controlled substance in the third degree (in violation of N.Y. Penal Law § 220.16(1)), (3) one count of aggravated unlicensed operation of a vehicle in the third degree (in violation of New York Penal Law § 511(1)(a)), (4) one count of unlawful possession of marijuana (in violation of New York Penal Law § 221.05), (5) two counts of criminal sale of a controlled substance in the third degree (in violation of New York Penal Law § 220.39(1)), and (6) two counts of criminal possession of a controlled substance in the seventh degree (in violation of New York Penal Law § 220.03).  (Dkt. No. 15 at 44-47.)  On June 24, 2015, Petitioner was arraigned in Saratoga County Court.  (*Id*. at 541-51.)

#### 2.     Acceptance of Guilty Plea

On October 15, 2015, Petitioner accepted a plea agreement and pleaded guilty to one count of criminal possession of a controlled substance in the second degree pursuant to New York Penal Law § 220.18(1), which is a Class A-2 felony, and waived her right to appeal.  (Dkt. No. 15 at 246, 558-72.)

During the plea allocution on October 15, 2015, the state court judge confirmed that Petitioner's ability to understand the proceedings was not impaired.  (*Id*. at 562-63.)  The court explained the rights that Petitioner was giving up by pleading guilty and confirmed that she

---

[2]        Indictment No. H146-2015.  (Dkt. No. 15 at 44-48.)

understood that her guilty plea would have the same effect as a conviction following a jury trial. (*Id*. at 559-64.)  The court explained Petitioner's right to appeal that—as a condition of the plea agreement—she agreed to waive.  (*Id*. at 563-64.)  Petitioner stated that she understood and discussed the appeal waiver with her counsel.  (*Id*. at 564.)  Petitioner signed a waiver of appeal form and the court—on the record—confirmed that it contained Petitioner's signature.  (*Id*. at 246, 564.)

The court placed Petitioner under oath and verified that she was entering the guilty plea to one count of criminal possession of a controlled substance in the second degree pursuant to New York Penal Law § 220.18(1) as a Class A-2 felony, because she was guilty, and the court accepted her plea.  (*Id*. at 567.)

On April 21, 2016, Petitioner was sentenced to ten years in prison, five years of post-release supervision, and payment of fees.  (*Id*. at 578, 593-94.)

### 3.    Appeals to New York State Courts

Petitioner appealed to the New York State Supreme Court, Appellate Division, Third Department and asserted the following three arguments: (1) her plea agreement was not entered knowingly, intelligently, and voluntarily; (2) the imposed sentence was harsh and excessive; and (3) defense counsel was ineffective.  (Dkt. No. 15 at 3-19.)  On March 29, 2018, the Third Department affirmed the lower court's decision.  (Dkt. No. 15 at 613-14); *see Rutigliano*, 159 A.D.3d at 1280.  The Third Department concluded that (1) Petitioner's waiver of her right to appeal was entered knowingly, intelligently, and voluntarily and precluded her challenge to the severity of her sentence, (2) Petitioner's claim of ineffective assistance of counsel premised on challenges to counsel's motion practice and discovery efforts was forfeited by her guilty plea, and (3) to the extent that Petitioner's ineffective assistance of counsel claim impacted the

voluntariness of her guilty plea, it was unpreserved for appellate review because she failed to make an appropriate post-allocution motion.  (Dkt. No. 15 at 613-14.)

On June 20, 2018, the New York State Court of Appeals denied leave to appeal.  (Dkt. No. 15 at 629); *People v. Rutigliano*, 31 N.Y.3d 1121 (N.Y. 2018).

### B.    Proceedings in This Court

On June 20, 2019, Petitioner commenced this proceeding by the filing of a verified Petition for writ of habeas corpus.  (Dkt. No. 1.)  In her Petition, Petitioner asserts the following two grounds for habeas relief: (1) her plea was not entered knowingly and voluntarily; and (2) she had ineffective assistance of counsel.  (*Id*. at 4-5.)

On June 26, 2019, United States Magistrate Judge David E. Peebles issued a Decision and Order pursuant to Local Rules of Procedure for Section 2254 cases directing, *inter alia*, Respondent to answer the Petition.  (*See generally* Dkt. No. 6.)  On July 1, 2019, the case was re-assigned to the undersigned for further proceedings.  (Dkt. No. 7.)

On November 7, 2019, Respondent filed an answer to the Petition and a compilation of the relevant state court records.  (Dkt. Nos. 15, 17.)

This matter, which is now fully briefed, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See* Fed. R. Civ. P. 72(b).

### C.    Respondent's Answer and Memorandum of Law

Generally, Respondent makes the following two arguments in support of her answer: (1) Petitioner's claim that her plea was involuntary is procedurally barred and without merit, and (2) Petitioner's claim that her counsel was ineffective is unexhausted, waived by her guilty plea, and without merit.  (*See generally* Dkt. No. 17, Attach. 1 at 8-16 [Resp't Mem. of Law].)

With respect to her first argument, Respondent argues that (1) the state appellate division's determination that Petitioner failed to preserve her claim for appellate review constituted a state law ground that was independent of the federal question and adequate to support the judgment; (2) Petitioner cannot show that there is cause for her procedural default, actual prejudice, or that a miscarriage of justice would result from the failure to review the claim that justifies overlooking the procedural default; (3) Petitioner's plea was entered knowingly, voluntarily, and intelligently because the court conducted a satisfactory inquiry during which, *inter alia*, Petitioner stated that she had sufficient time to confer with her attorney, she acknowledged the rights she was waiving by pleading guilty (including any challenge to suppression issues), and stated that she was pleading guilty because she was guilty; and (4) Petitioner fails to establish that her plea was invalid simply because she was facing 48 years in prison and the police did not arrest her sooner.  (*Id.* at 8-11.)

With respect to her second argument, Respondent argues that (1) Petitioner's counsel was an effective and zealous advocate who negotiated a ten-year prison sentence when Petitioner faced a maximum of 48 years incarceration; (2) Petitioner's claim that counsel failed to adequately litigate the search warrant issue (a) predated her guilty plea and she forfeited that claim by pleading guilty, and (b) was affirmatively waived by Petitioner when she stated that she was giving up any suppression issue in order to plead guilty; and (3) Petitioner's claim that counsel did not provide her with enough information to make an informed decision about whether to plead guilty is (a) unexhausted and Petitioner cannot show good cause for her failure to exhaust, and (b) plainly meritless because Petitioner does not submit facts to support her claim and Petitioner stated during her plea colloquy that she had sufficient time to confer with her attorney about whether to plead guilty.  (*Id.* at 11-16.)

### III.    LEGAL STANDARDS

#### A.    Standard Governing Review of a *Habeas Corpus* Petition

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214 (1996) a federal court may grant habeas corpus relief with respect to

a claim adjudicated on the merits in state court only if, based upon the record before the state

court, the adjudication of the claim (1) was contrary to, or involved an unreasonable application

of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceeding.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. §

2254(d)); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Thibodeau v. Portuondo*, 486 F.3d 61,

65 (2d Cir. 2007) (Sotomayor, J.).

The AEDPA "'imposes a highly deferential standard for evaluating state-court rulings'

and 'demands that state-court decisions be given the benefit of the doubt.'"  *Felkner v. Jackson*,

562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010));

*accord, Cullen*, 563 U.S. at 181.  Federal habeas courts must presume that the state court's

factual findings are correct "unless applicants rebut this presumption with 'clear and convincing

evidence.'"  *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting 28 U.S.C. §

2254(e)(1)); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).  "The question under

AEDPA is not whether a federal court believes the state court's determination was incorrect but

whether that determination was unreasonable—a substantially higher threshold."  *Schriro*, 550

U.S. at 473 (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

As required by Section 2254, on federal habeas review, a court may only consider claims

that have been adjudicated on the merits by the state courts.  28 U.S.C. § 2254(d); *Cullen*, 563

U.S. at 181; *Washington v. Schriver*, 255 F.3d 45, 52-55 (2d Cir. 2001). The Second Circuit has held that, when a state court adjudicates a claim on the merits, "a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001); *see Willson v. Sellars*, 138 S. Ct. 1188, 1192 (2018) (holding that a federal habeas court reviewing an unexplained state-court decision on the merits "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning," but that "the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision").

### B.    Procedural Default

A procedural default occurs in one of two ways. "First, if the state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule," the habeas court must deem the claim procedurally defaulted. *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (citation and internal quotation marks omitted).

"Alternatively, a procedural default occurs if the state court's rejection of a federal claim rests on a state law ground—such as the operation of a state procedural rule—that is both independent of the federal question and adequate to support the judgment . . . , [and] the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Jackson*, 763 F.3d at 133 (citations and internal punctuation and quotation marks omitted). A petitioner's procedural default precludes federal habeas review "if the last

8

state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 (1989).  Where a state court has expressly relied on a procedural default, federal habeas review is foreclosed even if the state court also addressed the merits of the federal claim.  *See Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (federal habeas review barred where state held claim "not preserved for appeal" but then ruled on the merits of the claim "in any event").  The independent and adequate state ground doctrine may bar federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement" and in such cases "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted) (citing, *inter alia*, *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)).

### C.    Legal Standard Governing Exhaustion of Remedies

Before seeking federal habeas relief, a petitioner must exhaust available state remedies or establish either an absence of available state remedies or that such remedies cannot adequately protect his rights.  *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994).  The exhaustion doctrine recognizes "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982); *see also Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) ("Comity concerns lie at the core of the exhaustion requirement.").  Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law.  *Galdamez*, 394 F.3d at 72 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)).  "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose

fundamental legal basis was substantially different from that asserted in state court." *Daye*, 696 F.2d at 192 (footnote omitted).

This exhaustion requirement is satisfied if the federal claim has been "fairly present[ed]" to the state court. *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A claim has been "fairly presented" if the state court was apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court." *Daye*, 696 F.2d at 191. Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Id.* at 192.

Significantly, "[t]he exhaustion doctrine 'requires only that a petitioner present his claim once on direct or collateral review.'" *Salahuddin v. Strack*, 97-CV-5789, 1998 WL 812648, at *5 (E.D.N.Y. Aug. 12, 1998) (quoting *Sanford v. Senkowski*, 791 F. Supp. 66, 69 (E.D.N.Y. 1992)); *see Fielding v. LeFevre*, 548 F.2d 1102, 1106 (2d Cir. 1977) ("In order to meet the exhaustion requirement, a petitioner must have presented his claim to the state courts at least once, on direct or collateral review."). "Therefore, even if a claim is not raised at trial or on direct appeal, a claim pursued throughout a full round of state post-conviction proceedings is exhausted." *Salahuddin*, 1998 WL 812648, at *5 (citing, *inter alia, Castille v. Peoples*, 489 U.S. 346, 350-51 (1989)); *see also Harvey v. Portuondo*, 98-CV-7371, 2002 WL 2003210, at *5 (E.D.N.Y. Aug. 5, 2002).

### D.    Legal Standard Governing Guilty Pleas

The standard governing the acceptance of guilty pleas is neither recently evolved nor controversial. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400

U.S. 25, 31 (1970) (citations omitted)); *see also Parke v. Raley*, 506 U.S. 20, 28-29 (1992) (plea is valid when it is both knowingly and voluntarily made); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969) (United States Constitution requires that guilty plea be intelligently and voluntarily entered. A knowing plea is entered "'with understanding of the nature of the charge and the consequences of the plea.'" *Santobello v. New York*, 404 U.S. 257, 261 n.1 (1971) (quoting Fed. R. Crim. P. 11); *see Martinez v. Costello*, 03-CV-2763, 2004 WL 26306, at *5 (S.D.N.Y. Jan. 5, 2004) (citing *Santobello* and Fed. R. Crim. P. 11); *see also Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006).

Applying this standard, to establish that a criminal defendant's guilty plea was knowingly, intelligently, and voluntarily entered the court must find, based upon the record of the relevant plea proceedings, that he or she (1) was competent to proceed and was fully aware of the nature of the charges faced; (2) had a rational and factual understanding of the proceedings; and (3) was cognizant of the constitutional protections relinquished upon entry of the plea. *Oyague v. Artuz*, 393 F.3d 99, 106 (2d Cir. 2004); *Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir. 1986), *cert. dismissed*, 479 U.S. 805 (1986). While "the question of whether a plea of guilty has been entered voluntarily within the meaning of the Constitution is often a complex one that involves mixed questions of law and fact[,]" the ultimate issue of whether a plea represents an effective waiver of federal Constitutional rights is controlled by federal law. *Oyague*, 393 F.3d at 104.

If a petitioner pleads guilty based "on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Ford v. Georgia*, 498 U.S. 411, 411 (1991) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

### E.    Legal Standard Governing Ineffective Assistance of Counsel

Under the well-established standard governing ineffective assistance of counsel claims,

> the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord, Murden v. Artuz*, 497 F.3d 178, 198 (2d Cir. 2007).

To be constitutionally deficient, the attorney's conduct must fall "outside the wide range of professionally competent assistance."  *Strickland,* 466 U.S. at 690; *accord, Rivas v. Fischer*, 780 F.3d 529, 547 (2d Cir. 2015).  An attorney's performance is judged against this standard in light of the totality of the circumstances and from the perspective of counsel at the time of trial, with every effort made to "eliminate the distorting effects of hindsight[.]"  *Strickland*, 466 U.S. at 689; *see also Rivas*, 780 F.3d at 547 (quoting *Strickland*, 466 U.S. at 689) (noting the court's "scrutiny of counsel's performance must be 'highly deferential'").

Addressing the second prong of the *Strickland* test, courts have generally held that prejudice is established by showing that there is a "reasonable probability" that, but for the attorney's deficient conduct, "the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694; *see also Murden*, 497 F.3d at 198 ("Under *Strickland*, a defendant must show that . . . there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (quotation marks omitted)).

It is well-established that a voluntary guilty plea that is knowingly, intelligently, and voluntarily entered constitutes a waiver of non-jurisdictional defects occurring prior to entry of

12

the plea.  *See United States ex-rel. Glenn v. McMann*, 349 F.2d 1018, 1019 (2d Cir. 1967).  As

the Supreme Court has explained, "a guilty plea represents a break in the chain of events which

has preceded it in the criminal process."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see*

*United States v. Coffin*, 76 F.3d 494, 497-98 (2d Cir. 1996) ("A defendant who pleads guilty

unconditionally while represented by counsel may not assert independent claims relating to

events occurring prior to the entry of the guilty plea."); *see also Morris v. Smith,* 13-CV-1441,

2015 WL 13745077, at \*5 (N.D.N.Y. Jul. 29, 2015) (Treece, M.J.), *report and recommendation*

*adopted by*, 2016 WL 4532160 (N.D.N.Y. Aug. 30, 2016) (Sharpe, J.); *Conyers v. McLaughlin*,

96-CV-1743, 2000 WL 33767755, at \*7 (N.D.N.Y. Jan. 27, 2000) (Sharpe, J.).

## IV.    ANALYSIS

For the reasons stated in Respondent's memorandum of law, I find that Petitioner's plea

was entered knowing, voluntarily, and intelligently, and she was represented by effective

counsel.  (Dkt. No. 17, Attach. 1 at 8-16.)  As a result, I recommend that the claims be denied

and the Petition be dismissed.

### A.    Whether Petitioner's Guilty Plea was Entered Knowingly, Intelligently, and Voluntarily

After carefully considering the matter, I answer this question in the affirmative for the

reasons stated in Respondent's memorandum of law.  (Dkt. No. 17, Attach. 1 at 8-11.)  The

following is intended to supplement, but not supplant, those reasons.

#### 1.    Procedural Default of Her Guilty Plea

New York courts have long relied on the preservation requirement to deny challenges to

the voluntariness of guilty pleas where the petitioner has not moved to withdraw his guilty plea

or vacate the judgment of conviction.  *See, e.g., People v. Pascale*, 48 N.Y.2d 997, 997-98 (N.Y.

1980) ("The argument that the defendant should be relieved of his guilty plea was not raised by

motion in the court of first instance prior to conviction and therefore has not been preserved for

our review."); *see also People v. Jones*, 114 A.D.3d 1080, 1081 (N.Y. App. Div. 3d Dep't 2014)

(claim that guilty plea was coerced by court's alleged threat to defendant to illegally sentence

him was unpreserved because he withdrew his motion to withdraw his plea and the record did

not reveal that he moved to vacate the judgment); *People v. Hernandez*, 110 A.D.3d 919, 919

(N.Y. App. Div. 2d Dep't 2013) ("The defendant's contention that her plea of guilty was not

knowing, voluntarily, and intelligently entered into is unpreserved for appellate review, since she

did not move to withdraw her plea on this ground prior to the imposition of sentence.")

Here, the Third Department held that Petitioner's claim that her plea was involuntary

because it was coerced survived her appeal waiver, but was not preserved for appellate review

because she failed to make an appropriate post-allocution motion to withdraw her plea or vacate

the judgement of conviction.  (Dkt. No. 15 at 613-14.)  The Third Department's holding that

Petitioner's argument was unpreserved, constitutes an adequate and independent state law

ground, which generally precludes habeas review.  *See, e.g., Rojas v. Heath*, 11-CV-4322, 2012

WL 5878679, at *7 (S.D.N.Y. Oct. 18, 2012) (denying the petitioner's habeas petition where the

state appellate court "relied upon New York State's requirement that a challenge to the validity

of a guilty plea be preserved for appellate review by first seeking in the trial court to withdraw

the plea or by moving to vacate the judgment of conviction" and the petitioner had "not asserted

cause or prejudice or a fundamental miscarriage of justice that would permit this Court to

circumvent his procedural default and review the merits of this claim."); *Bennefield v.

Kirkpatrick*, 741 F. Supp. 2d 447, 453-54 (W.D.N.Y. 2010) (citing *People v. Hilliard*, 39 A.D.3d

1021 (N.Y. App. Div. 3d Dep't 2007) ("[D]efendant's assertion that his guilty plea was

involuntarily entered is unpreserved for our review in light of his failure to move to withdraw the

plea or vacate the judgment of conviction.")); *Moore v. Lape*, 08-CV-0474, 2010 WL 3522227, at *3 (W.D.N.Y. Sept. 8, 2010) ("Habeas courts in this Circuit held have held that the failure to move to withdraw a guilty plea before sentencing constitutes an adequate and independent state ground barring habeas review."); *Garcia v. Boucaud*, 09-CV-5758, 2010 WL 1875636, at *7 (S.D.N.Y. May 11, 2010) (holding that "failure to withdraw a guilty plea before sentencing constitutes an independent and adequate ground for the state court decision.").

Moreover, I find that the narrow exception to the preservation rule is not implicated because Petitioner has not demonstrated cause for her procedural default and actual prejudice as a result of the alleged violation of federal law. In addition, Petitioner has not demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750 (holding that where claims are procedurally defaulted, a federal habeas court may not review the claim on the merits unless the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if she can demonstrate that the failure to consider the claim will result in a miscarriage of justice); *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)) (holding that a petitioner may demonstrate cause with "'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by state officials made compliance impracticable, . . . [or that] the procedural default is the result of ineffective assistance of counsel."). Thus, I recommend that Petitioner's claim that her plea was not entered knowingly, voluntarily, and intelligently be denied because it is unpreserved.

### 2.    Merits of Her Guilty Plea

In the alternative, I find that even assuming *arguendo* Petitioner's claim that her plea was not entered knowingly, intelligently, and voluntarily is not procedurally barred, the claim is without merit.

The record demonstrates that Petitioner's plea was entered knowingly, intelligently, and voluntarily.

"A plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the [petitioner]'s will, or the [petitioner]'s sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988) (citing *Brady v. United States*, 397 U.S. 742, 750 (1970)).

Although Petitioner stated during the plea allocution that "she had to" plead guilty, she then stated affirmatively, "I am doing it, Your Honor," held an off-the-record discussion with her counsel, and confirmed that she had as much time as she needed to talk with her counsel about the plea. (Dkt. No. 15 at 561.) Petitioner further stated that she understood the constitutional rights that she would be waiving by pleading guilty including the right to have the prosecution prove their case beyond a reasonable doubt, the right to a jury trial, the right to maintain the presumption of innocence, the right to present a defense, the right to remain silent, and the right to appeal her conviction. (Dkt. No. 15 at 562-64.) Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity" *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States,* 171 F.3d 728, 732 (2d Cir. 1999) (citing *United*

16

*States v. Gonzalez,* 970 F.2d 1095, 1101 (2d Cir. 1992) (no evidentiary hearing necessary where criminal defendant makes allegations that simply contradict his statements under oath at plea allocution); *see also United States v. Bambulas,* 571 F.2d 525, 526 (10th Cir. 1978) (statements at plea allocution are conclusive absent credible reason "justifying departure from their apparent truth")).  As a result, Petitioner's statements establish that she was satisfied with her attorney's performance and advice, and that she understood the consequences of her guilty plea.  I find that her plea was therefore entered into intelligently.

Further, there is no evidence that Petitioner's plea was the product of actual or threatened physical harm, mental coercion overbearing her will, or her sheer inability to weigh options rationally.  *Miller*, 848 F.2d at 1320.  Petitioner's allocution included no threats, no physical harm, and no mental coercion.  Although Petitioner was facing a maximum term of forty-eight years incarceration and the plea agreement included a sentence of ten years incarceration, this is insufficient to establish that Petitioner's plea was not entered into voluntarily.  *See United States v. Cruz*, 977 F.3d 732, 733-34 (2d Cir. 1992) ("Courts have long recognized that trial judges are entitled to encourage guilty pleas by imposing on a defendant who pleads guilty a lesser sentence than would have been imposed had the defendant stood trial."); *see also McMahon v. Hodges*, 382 F.3d 284, 289 n.5 (2d Cir. 2004) ("Although federal judges are prohibited from participating in plea bargaining, this blanket prohibition does not apply to state judges.").

As a result, I find that Petitioner's plea was entered into knowingly, intelligently, and voluntarily and her claim to the contrary should be dismissed.

**B.**    **Whether Petitioner's Ineffective Assistance of Counsel Claim Should Be Dismissed**

After carefully considering the matter, I answer this question in the affirmative for the reasons stated in Respondent's memorandum of law.  (Dkt. No. 17 at 11-16.)  The following is intended to supplement, but not supplant, those reasons.

Petitioner appears to assert two grounds for her ineffective assistance of counsel claim: (1) that counsel failed to adequately litigate the search warrant issue, and (2) that counsel failed to provide her with enough information to make an informed decision about whether to plead guilty.

**1.**    **Preservation of Ineffective Assistance of Counsel Claim**

Petitioner's claim that counsel was ineffective for failing to provide her with enough information to make an informed decision about whether to plead guilty is unpreserved for review because she did not seek to vacate judgment.[3]  *See People v. Benson*, 87 A.D.3d 1228, 1228-29 (N.Y. App. Div. 3d Dep't 2011) ("Defendant's contention that he was denied the effective assistance of counsel . . . to the extent it relates to the voluntariness of his plea, is similarly unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction."); *People v. Douglas*, 38 A.D.3d 1063 (N.Y. App. Div. 3d Dep't 2007) ("Defendant's challenges to the validity of his plea and to the effectiveness of defense counsel's representation as it impacts the voluntariness of his guilty plea are unpreserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction.").

---

[3]    Petitioner does not make a motion to stay her habeas claim, nor does she make a statement of good cause for failing to file the motion.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (holding that it is an abuse of discretion to stay a mixed petition when the unexhausted claim is "plainly meritless.").

Moreover, Petitioner does not provide any reason for failing to file the motion to vacate judgement, nor does she establish prejudice or actual innocence. (*See generally* Dkt. Nos. 1 and 15.)

As a result, I recommend that Petitioner's ineffective assistance of counsel claim be dismissed to the extent that it asserts that counsel failed to provide her with enough information to make an informed decision about whether to plead guilty because that claim is unpreserved for review.

### 2.    Waiver of Ineffective Assistance of Counsel Claim by Her Guilty Plea

The Supreme Court in *Tollett*, 411 U.S. at 267, observed:

> When a criminal defendant has solemnly admitted in open court that he is
> in fact guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of
> constitutional rights that occurred prior to the entry of the guilty plea.

*Id.*

Petitioner's claim that counsel was ineffective for failing to adequately litigate the search warrant issue was waived by her guilty plea. *See, e.g., Hill v. West*, 599 F. Supp. 2d 371, 392-93 (W.D.N.Y. 2009) (holding that petitioner's ineffective assistance claims relating to "pre-plea events, such as the failure to investigate potential witnesses, acquisition of discovery material, and his decisions regarding a psychiatric examination" were effectively waived as a result of a valid guilty plea).

As a result, I recommend that Petitioner's claim that counsel was ineffective for failing to adequately litigate the search warrant issue, be dismissed. *See Belle v. Superintendent*, 11-CV-0657, 2013 WL 992663, at *7 (N.D.N.Y. Mar. 13, 2013) (Mordue, J.) (denying the petitioner's ineffective assistance of counsel claims to the extent that they challenged aspects other than the voluntariness of the plea and the advice the petitioner received from counsel).

19

### 3.    Merits of Her Ineffective Assistance of Counsel Claim

In the alternative, I find that even assuming *arguendo* Petitioner's ineffective assistance of counsel claims are preserved for review, they are without merit.

As the Second Circuit has noted, "an evaluation of ineffective assistance of counsel usually begins with an examination of the strength of the Government's case." *United States v. Helgesen*, 669 F.2d 69, 71 (2d Cir. 1982).

Petitioner has not pointed to any weaknesses in the Government's case that her attorney disregarded; to the contrary, it appears that there was substantial credible evidence of Petitioner's guilt.  More specifically, there was evidence that Petitioner sold cocaine to a police informant on two separate occasions.  (Dkt. No. 15 at 117, 122, 126, 131, 133.)  Petitioner was subsequently stopped for tinted windows, arrested for driving with a suspended license, and a search incident to arrest yielded marijuana and over twenty-two ounces of cocaine in the vehicle.  (*Id.* at 100-04, 107-08, 110, 113-14, 168-69.)

As Respondent identified, Petitioner faced a maximum potential sentence of forty-eight years in prison and counsel negotiated a plea agreement allowing Petitioner to receive a sentence of ten years in prison.  (Dkt. No. 17, Attach. 1 at 11.)  Defense counsel's assistance to Petitioner "was within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 771; *see Scott v. Superintendent, Mid-Orange Corr. Fac.*, 03-CV-6383, 2006 WL 3095760, *9 (E.D.N.Y. Oct. 31, 2006) ("[W]here the defendant secured a significant strategic benefit by pleading guilty, courts are generally less likely to suspect an involuntary or misguided decision to plead."); *Feliz v. United States*, 01-CV-5544, 2002 WL 1964347, *7 (S.D.N.Y. Aug. 22, 2002) (citing *Moran v. United States*, 96-CV-3657, 1998 WL 54616, *5 (S.D.N.Y. Feb. 10,

1998)) ("No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial.").

As a result, I recommend that Petitioner's claim that she received ineffective assistance of counsel be denied.

## V.    CERTIFICATE OF APPEALABILITY

To appeal a final order denying a request by a state prisoner for habeas relief, a petitioner must obtain from the court a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); *see also* Fed. R. App. P. 22(b)(1) ("[T]he applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").  In the absence of a COA, a federal court of appeals lacks jurisdiction to entertain an appeal from the denial of a habeas petition.  *Hoffler v. Bezio*, 726 F.3d 144, 152 (2d Cir. 2013).  A COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Hoffler*, 726 F.3d at 154.  A petitioner may demonstrate a "substantial showing" if "the issues are debatable among jurists of reason; . . . a court could resolve the issues in a different manner; or . . . the questions are adequate to deserve encouragement to proceed further."[4] *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks omitted).

In this instance, I find that jurists of reason would not find it debatable as to whether the Petition in this matter is meritorious.  Accordingly, I recommend against the issuance of a COA.

**ACCORDINGLY**, it is

---

[4]     A similar standard applies when a COA is sought to challenge the denial of a habeas petition on a procedural basis. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

21

**RECOMMENDED** that the Petition be **DENIED and DISMISSED**, and that a certificate of appealability not be issued to Petitioner; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report and Recommendation on the parties, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: July <u>20</u>, 2022
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[5]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).